UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL ANDREW SCUTERI, | ) |
|     Petitioner, | ) |
| v. | ) No. 2:25-cv-00536-JPH-MG |
| TRICIA PRETORIUS, | ) |
|     Respondent. | ) |

**ORDER TO SHOW CAUSE**

On October 28, 2025, Petitioner Michael Scuteri filed this habeas corpus action challenging state court cause number 86C01-2105-F4-000040. Dkt. 2. Because a preliminary review of the petition shows that Mr. Scuteri is not entitled to relief, the Court directs him to show cause why this action should not be dismissed without prejudice.

### I.    Filing Fee

Mr. Scuteri has through **December 8, 2025**, to pay the $5.00 filing fee in this action or file a motion to proceed *in forma pauperis* with a copy of his trust account statement attached if he cannot afford the filing fee.

### II.    Rule 4

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

1

### III.   Parallel Proceedings and Failure to Exhaust

The Court takes judicial notice that Mr. Scuteri filed a habeas action on May 29, 2025, challenging the same conviction and sentence. *See Scuteri v. Pretorius*, 2:25-cv-00251-JPH-MKK (S.D. Ind. May 29, 2025). In that case, Respondent filed a motion to dismiss on September 10, 2025, which remains pending. *Id.* at dkt. 10.

The Seventh Circuit has stated that allowing two habeas petitions challenging the same state proceedings to proceed in parallel may constitute an "abuse of the writ" for the same reason that second or success habeas petitions are prohibited, absent approval of the Court of Appeals. *Turner v. Farley*, 53 F.3d 333 (7th Cir. 1995) (quoting *Higgason v. Clark*, 984 F.2d 203, 204 (7th Cir. 1993) ("[C]hanneling all arguments into a single collateral attack is the principal role of the doctrine treating successive petitions as abuses of the writs.")). Because this case challenges the same conviction as the petition filed in 2:25-cv-00251-JPH-MKK, Mr. Scuteri has through **December 8, 2025**, to show cause why this petition should not be dismissed without prejudice as duplicative. *See McGinnis v. Stevens*, Case No. 24-cv-1312-pp, 2025 WL 1555221, at *2 (E.D. Wis. May 30, 2025) (dismissing duplicative habeas action and noting that petitioner may want to seek leave to add claims in his first-filed habeas action).

Alternatively, the Court notes that Mr. Scuteri has not exhausted his state court remedies. "To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout

at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A).

The Court takes judicial notice that Mr. Scuteri filed a petition for post-conviction relief on November 17, 2025, in Warren Circuit Court under state court cause number 86C01-2511-PC-000264, in which he challenges his conviction in state court cause number 86C01-2105-F4-000040. Thus, Mr. Scuteri also must show cause why this action should not be dismissed without prejudice as unexhausted.

## IV. Conclusion

Mr. Scuteri has **through December 8, 2025**, to resolve the filing fee in this action and to show cause why this action should not be dismissed without prejudice.

**SO ORDERED.**

Date: 11/17/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL ANDREW SCUTERI
286882
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only